UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID B. MARVIN, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 3:14-cv-05005-KLS <br><br> ORDER TO SHOW CAUSE REGARDING APPLICATION TO PROCEED IN FORMA PAUPERIS |

This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a complaint to review and set aside a decision of the Social Security Administration under 42 U.S.C. § 405(g). To file a complaint and initiate legal proceedings plaintiff must pay a Court filing fee of $400.00 or file a proper application to proceed in forma pauperis.

Although plaintiff submitted a completed application to proceed *in form pauperis* in this case, he did not sign it. See ECF #1. In addition, Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
> (1) Complete the in forma pauperis affidavit approved for use in this district; and
> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

ORDER - 1

Plaintiff, however, did not complete, sign or date the written consent required by Local Rule CR 3(b)(2). See ECF #1.

Accordingly, the Court hereby finds and ORDERS as follows:

(1) Plaintiff shall seek to cure these deficiencies by filing **no later than February 6, 2014**, a properly signed, dated and completed application to proceed *in forma pauperis*, including a properly signed, dated and completed written consent pursuant to Local Rule CR 3(b)(2).

**Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter, resulting in a recommendation that this matter be dismissed.**

(2) The Clerk is directed to send a copy of this Order to counsel for plaintiff.

DATED this 7th day of January, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2